FILED
FEB 28 2007
FEB 28 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GLAZIERS, ARCHITECTURAL METAL & GLASS WORKERS LOCAL 27,<br><br>Defendant. | 07CV1150<br>JUDGE ASPEN<br>MAG.JUDGE DENLOW<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended and Section 1981A of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Robert Williams who was adversely affected by such practices. The Commission alleges that Defendant, Glaziers, Architectural & Metal Workers Local 27 denied referrals and otherwise deprived Robert Williams of the privileges of union membership in retaliation for his complaints of race discrimination against a former employer and against the Union.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII").

2. The employment practices alleged to be unlawful were and are now being committed with the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Glaziers, Architectural Metal & Glass Workers Local 27 (the "Union"), has continuously been a labor organization which deals with employers concerning terms and conditions of employment, and has continuously had at least 15 members.

5. At all relevant times, Defendant Union has continuously been a labor organization engaged in an industry affecting commerce within the meaning of Sections 701(d) and (e) of Title VII, 42 U.S.C. §§ 2000e(d) and (e).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Robert Williams filed a charge with the Commission alleging violations of Title VII by Defendant Union. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February, 2004, Defendant Union has engaged in unlawful employment practices, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). These practices include, but are not limited to, retaliating against Williams for filing a grievance and a complaint against the union claiming discrimination based on his race, African-American, by failing to refer him for employment with earnings that were equivalent to the job referrals that he received prior to the grievance and complaints, and otherwise adversely affecting his status as a union member.

8. The effect of the practice(s) complained of in paragraph 7 above has been to deprive Williams of equal employment opportunities and otherwise adversely affect his status as a union member in retaliation for his having opposed illegal practices under Title VII.

9. The unlawful employment practices complained of in paragraphs 7 and 8 above were and are intentional.

10. The unlawful employment practices complained of in paragraphs 7 and 8 above were and are done with malice or with reckless indifference to the federally protected rights of Robert Williams.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Union, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation against members who participate in activity protected by or oppose conduct prohibited by Title VII.

B. Order Defendant Union to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Union to make whole Robert Williams, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Union to make whole Robert Williams, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including but not limited to job search

4

expenses and medical expenses, in amounts to be determined at trial.

E.  Order Defendant Union to make whole Robert Williams by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant Union to pay Robert Williams punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Dated: February 26, 2007

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

John C. Hendrickson
Regional Attorney

Jean P. Kamp
Associate Regional Attorney

Ann Henry
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street - Suite 2800
Chicago, IL 60661
(312) 353-7719